# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### 219
### SPIES v. SOCIETY FOR SAVINGS

Ohio Court of Appeals, Cuyahoga County. No. 4104.
January 15, 1923

This opinion has not been published except in Abstract

ERROR—(1) Judgment affirmed upon failure reviewing court to find error.

MIDDLETON, J.

Epitomized Opinion

Error to M. C. of Cleveland

Spies deposited with the Society a certain sum of money which he directed to be transmitted to a certain bank in Budapest, Hungary, and there placed to his credit. The lower court directed a verdict for the Society at the close of all the evidence. Spies prosecutes error to this court.

Held by Court of Appeals in affirming the judgment:

1. The evidence, as disclosed by the record indicating that Spies wholly failed to establish his claim, or to support in any degree the material allegations of the statement of claim, and, on the contrary showing that the Society executed, in every respect, the directions of Spies, the trial court properly directed a verdict for the Society.

Attorneys, G. E. Morgan, for Spies; Squires, Sanders & Dempsey, for the Society.

### 220
### FISHER BROS. CO. v. MORMINO

Ohio Court of Appeals, Cuyahoga County. No. 4188.
February 5, 1923

This opinion has not been published except in Abstract.

DAMAGES—(1) Damages for loss of use of truck to be computed by reasonable time required to repair it—(2) Unusual acts of trial judge while endeavoring to elicit facts, not improper conduct.

PER CURIAM:

Epitomized Opinion

Error to M. C. of Cleveland

A truck owned by Fisher Bros. collided with Mormino's truck under circumstances which made Fisher Bros. liable to respond in damages for the repair of the truck and the loss of its use. The trial court allowed $150 for damages to the truck and $250 for the loss of its use. Fisher Bros. claim the latter sum is excessive. Evidence differed as to what would have been a reasonable time in which to repair the truck and the allowance of $250 seems to have been a mere guess by the trial court. Held by Court of Appeals in reversing judgment for Mormino:

1. The amount of damages to be allowed for loss of use of a motor truck should be determined, not by what was a reasonable time for making repairs on the truck, but by the actual time required in making such repairs, supported by proof that the actual time was reasonably necessary.

2. Although a trial judge called some of the witnesses and examined them himself, and sustained an objection to a question by counsel, although no objection was made by counsel for the other side, it being apparent that the trial judge was endeavoring to elicit facts so that he might render a just judgment, such conduct was not improper.

Attorneys, Wm. Edwin Brooks, for Fisher Bros.; Klein & Klein, for Mormino.

### 221
### FRANK WNEK v. STATE

Ohio Court of Appeals, Cuyahoga County. No. 4406.
February 12, 1923

This opinion has not been published except in Abstract.

SEARCH WARRANT—(1) Unlawful issue—Signed by Clerk of Court—EVIDENCE—(2) Intoxicating liquor, evidence of smell of and appearance.

Epitomized Opinion

Defendant was arrested for having intoxicating liquor in his possession. The affidavit was sworn to before a judge of the Municipal Court but the search warrant was signed by the clerk of the court. Defendant was arrested at 4829 Superior avenue on July 9, 1922, by two police officers who first read the warrant to defendant before searching his place. One of the officers found a bottle in the kitchen and smelled of the contents thereof. A scuffle then ensued between the officer and three persons in the kitchen, and the bottle was taken from the officer and hidden. At the trial the officer testified that the contents of the bottle smelled like whiskey or raisin jack. Upon conviction the defendant prosecuted error proceedings based upon the grounds that the search warrant was unlawfully issued and that there was insufficient evidence of the intoxicating character of the liquor in defendant's possession. Held:

1. As only the affidavit upon which a search warrant is issued must be sworn to before a judge of the court and signed by him, a search warrant signed by the clerk of the court is valid.

2. Evidence of a police officer that certain fluid smelled like intoxicating liquor and had the appearance of intoxicating liquor is admissible as evidence tending to show that the same possessed intoxicating properties, which with other attendant and suspicious circumstances give rise to a prima facie case of guilt, in the absence of an explanation from the defendant.

Attorneys, G. C. Hafley, for Wnek; L. E. Skeel, for State.